UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHN EDWARD PRICE, JR., and wife  )
LENA LYNN PRICE,                  )
                                  )
v.                                )          No. 1:14-CV-222
                                  )          Phillips/Lee
BIOMET MICROFIXATION, LLC,        )


## MEMORANDUM OPINION


This case is before the Court on plaintiffs' motion for voluntary dismissal [Docs.

34, 36] pursuant to Fed. R. Civ. P. 41(a)(2), which the defendant has opposed [Doc. 38].

Plaintiff John Edward Price, Jr., asserts products liability claims arising from the use of a

Sternalock Blu Plating System, manufactured by defendant Biomet Microfixation, LLC,

during Mr. Price's coronary bypass operation on December 24, 2012.  Approximately

two months later, on February 14, 2013, x-rays revealed that a screw from the Sternalock

System was loose in Mr. Price's chest cavity.  Mr. Price has had two subsequent surgeries

to remedy issues from loose screws in the Sternalock System.

Plaintiffs filed suit against "Biomet Manufacturing, LLC" on February 14, 2014,

in the Circuit Court for Knox County, Tennessee.  Plaintiffs intended to add the treating

physicians under theories of medical malpractice following expiration of the 60-day

notice provision required in Tenn. Code Ann. § 29-26-121(a).  Before they could do so,

however, defendant removed the case to this Court on the grounds of diversity

jurisdiction and moved to transfer the case to the Southern Division at Chattanooga.  The

plaintiffs then were permitted to amend the complaint to correctly name "Biomet Microfixation, LLC" as the proper defendant. During this time, the plaintiffs filed suit against the doctors, which is currently pending in the Bradley County Circuit Court. Plaintiffs' attempt to remand the case to state court for eventual transfer and consolidation with the pending state case against the physicians was denied [Doc. 33]. Plaintiffs now request leave of court to dismiss this action without prejudice so that they may bring suit against the defendant in state court and resolve all claims in one action.

Defendant has opposed the dismissal of this action unless plaintiffs would agree to preserve the parties' consent protective order and to re-file any future action against the defendant in this Court [Doc. 38].

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. …Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994). "The purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." *Jones v. W. Reserve Transit Auth.,* 455 F. App'x 640, 643 (6th Cir. 2012) (citing *Bridgeport Music, Inc. v. Universal–MCA Music Pub., Inc.,* 583 F.3d 948, 953 (6th Cir. 2009)). In determining whether a nonmovant would be unfairly treated, a district court must look to whether the nonmovant would suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere

prospect of a second lawsuit." *Grover,* 33 F.3d at 718 (citing *Cone v. W. Va. Pulp &
Paper Co.,* 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th
Cir. 1988)).

In assessing "plain legal prejudice," the Court considers "the [nonmovant's] effort
and expense of preparation for trial, excessive delay and lack of diligence on the part of
the [movant] in prosecuting the action, insufficient explanation for the need to take a
dismissal, and whether a motion for summary judgment has been filed by the
[nonmovant]." *Jones,* 455 F. App'x at 643 (citing *Grover,* 33 F.3d at 718). "These factors
are not an 'exclusive or mandatory list,' and district courts need not analyze each factor
or limit its consideration to these factors alone." *Wakerley v. Billings,* 2011 WL
5826028, *2 (E.D. Tenn. Nov.18, 2011) (quoting *Rosenthal v. Bridgestone/Firestone,
Inc.,* 217 F. App'x 498, 502 (6th Cir. 2007)). Further, "the mere prospect of a second
lawsuit" does not constitute plain legal prejudice, *Grover*, 33 F.3d at 718, or the fact that
the plaintiff may gain some tactical advantage. *Matthews v. Tenn. Bd. of Probation &
Parole*, No. 1:07-CV-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008) (citing
*Rouse v. Caruso*, No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007)).

In considering the *Grover* factors, defendant contends that it has put forth
significant effort and expense to advance this matter, citing its efforts to remove the case,
transfer it to the current forum, and correctly identify the proper party defendant. While
defendant's efforts have not been insignificant, this case is still in the early stages of
development. Defendant has recently noticed the plaintiffs' depositions for January 2015
and it appears that the parties have only begun discovery. A scheduling order has not yet

been entered; thus, the case is not yet set for trial. Therefore, the parties have not expended considerable effort and expense in trial preparation. On balance, the first *Grover* factor weighs in favor of granting plaintiffs' motion to dismiss.

With regard to the second factor, defendant argues that the plaintiffs have failed to diligently prosecute this case because they waited until "the last possible day within the statute of limitations" to file suit and did not simultaneously file suit against the physicians due to the required 60-day notice. Defendant also reiterates that the plaintiffs sued the wrong party, filed suit in the wrong venue, and attempted to remand the case to state court, all evidence of a lack of diligence. With the benefit of hindsight, one could say that many of the procedural hurdles could have been avoided had the plaintiffs given the 60-day notice to the physicians well in advance of the expiration of the statute of limitations, thus allowing them to file suit against all potential defendants at the same time in the same forum. However, this strategic second-guessing does not mean that plaintiffs have acted improperly or been dilatory in pursuing their claims. Accordingly, the second *Grover* factor weighs in favor of granting plaintiffs' motion to dismiss.

As for the third *Grover* factor, plaintiffs contend that the claims have been "split" with the pending state court action and that judicial efficiency weighs in favor of having all claims arising out of the same events and injury determined by one court. Defendant argues that because the physicians are non-diverse parties, the claims would not be heard in federal court and it would be forced to defend a more complicated and costly lawsuit. Even assuming defendant is correct that a consolidated action would be more complicated and costly, the plaintiffs have presented a genuine reason for the requested

4

dismissal and judicial economy prefers that all claims arising from Mr. Price's injuries should be decided in a single forum. Thus, the third *Grover* factor weighs in favor of granting the motion to dismiss.

Finally, the fourth *Grover* factor is, as defendant tacitly concedes, a straightforward inquiry. No motion for summary judgment has been filed and this factor also weighs in favor of the plaintiffs' motion for dismissal.

Accordingly, all four of the *Grover* factors weigh in favor of the plaintiffs' motion for voluntary dismissal and defendant has not shown that dismissal would result in "plain legal prejudice."

The defendant also requests that, in the event the plaintiffs' motion to dismiss is granted, the Court impose certain conditions on the dismissal within the discretion permitted by Rule 41(a)(2). First, defendant suggests that any future action by the plaintiffs be filed in this Court. However, as defendant has also acknowledged, the inclusion of Mr. Price's treating physicians in a future action would likely defeat diversity jurisdiction. Regardless of convenience, this Court cannot, by order, expand its subject matter jurisdiction beyond that which Congress has authorized. *See Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction").

The defendant also requests that the consent protective order [Doc. 25] remain in full force and effect in order to protect defendant's confidential and proprietary information. However, the protective order, as agreed to by the parties and entered by the Court, provides that "[n]either the termination of this case nor the termination of

employment of any person who has had access to any "Confidential" information shall relieve such person from the obligation of maintaining the confidentiality of such information." [*Id.* at ¶ 4.] Thus, it appears that the parties, by their own agreement, will continue to be bound by the confidentiality obligations of the protective order and further order from this Court is unnecessary.

Next, defendant requests that plaintiffs be required to reimburse it for the attorney fees expended in this matter. Defendant relies upon *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), in support of this request. *Rogers*, however, involved the review of an award of fees and costs under Rule 41(d), which permits a court to award the costs of an initial suit in the subsequently filed case. *Id.* at 874. While it may be within the Court's discretion under Rule 41(a)(2) to award fees or costs, there is no evidence that the plaintiffs have acted in bad faith or delayed in bringing the motion to dismiss, or that the defendant has incurred substantial expense in defending the case, particularly in light of the early stage of the proceedings. Thus, the Court declines to condition the dismissal on such an award. *See, e.g., Yetman v. CSX Transp., Inc.*, No. 1:08-cv-1130, 2009 WL 35351, at *3 (W.D. Mich. Jan. 6, 2009). For these reasons, the Court also declines the defendant's invitation to dismiss the case with prejudice.

For all of the reasons set forth herein, the plaintiffs' motion for voluntary dismissal [Docs. 34, 36] will be **GRANTED** and this case will be dismissed without prejudice. An appropriate order will be entered.

      s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE
